UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RICHARD SALVATIERRA

                Plaintiff,                              09 Civ. 3722 (SHS)

      -against-

                                                              ORDER

SUPERINTENDENT CONNOLLY, CORRECTIONAL
OFFICER, MONGOMERY, SERGENT TELESCO,
CORRECTION OFFICER LUJAN, CORECTIONAL
OFFICER CROOM, DOCTOR MAMIS, CAPTAIN
PELC, and SENIOR CORRECTIONAL OFFICER
C. GOORD

                Defendants.

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Plaintiff Salvatierra brings this action against defendants alleging violations of: (1) the First, Eighth, and Fourteenth Amendments, and (2) section 3 of the Religious Land Use and Institutionalized Persons Act of 2000. Specifically, plaintiff alleges that he was assaulted because of his religion, improperly denied medical care, denied meaningful access to the courts, retaliated against in response to constitutionally protected speech, and subjected to malicious interference with his parole release hearing. In 2009, plaintiff moved by order to show cause for a temporary restraining order and preliminary injunction. The Court declined to issue the proposed order to show cause, and instead converted Plaintiff's application to a motion for a preliminary injunction. Defendants opposed plaintiff's request for a preliminary injunction and subsequently moved to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

      On September 1, 2010, Magistrate Judge Debra Freeman issued a Report and Recommendation detailing the factual and procedural history of this action and recommending that plaintiff's motion for preliminary injunction be denied, and that defendant's motion to

dismiss be granted in part and denied in part. After *de novo* review of the Report and Recommendation, plaintiff's and defendant's objections, and plaintiff's and defendant's responses to the respective objections, *see* Fed. R. Civ. P. 72(b)(2), the Court adopts the Report and Recommendation in its entirety.[1]

Accordingly, it is hereby ordered that Magistrate Judge Debra Freeman's Report and Recommendation be adopted in full (Dkt. # 36). Plaintiff's request for preliminary injunction is denied, and the defendants' motion to dismiss is granted in part and denied in part.

Dated: New York, New York
January 3, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[1] In their objection to Judge Freeman's Report and Recommendation, defendants assert two new arguments to dismiss the complaint. First, defendants argue that plaintiff is unable to assert a Fourteenth Amendment religious discrimination claim because of the "de minimis nature" of the physical and verbal assault, which Salvatierra alleged was discriminatory. (Defs.' Objections to Report and Recommendation on Motion to Dismiss at 16-18.) Inasmuch as Judge Freeman found that this same argument failed to bar Salvatierra's Eighth Amendment claim for excessive force, this Court will not dismiss plaintiff's Fourteenth Amendment claim. Second, defendants argue that plaintiff's RLUIPA claim for damages, alleged against the defendants in their individual capacities, is barred by the Eleventh Amendment. (Defs.' Objection at 16.) The United States Court of Appeals for the Second Circuit has not addressed whether RLUIPA provides for individual capacity suits for monetary relief, *see Hall v. Ekpe*, No. 09-4492-pr, 2010 WL 3996211, at *3 (2d Cir. Oct. 13, 2010), the circuit courts are split on this issue, *see Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 327 n.23 (5th Cir. 2009), *cert granted* 130 S. Ct. 3319 (2010), and the question is currently pending before the United States Supreme Court, *Sossamon v. Texas, et al*, 130 S. Ct. 3319 (2010). The Court now finds that the Eleventh Amendment does not bar plaintiff's RLUIPA claim, but will address appropriate motions after the Supreme Court's resolution of the question.